IN THE UNITED STATES DISTRICT COURT FOR THE **FILED**
EASTERN DISTRICT OF OKLAHOMA

MAR 1 4 2013

WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By_____
Deputy Clerk

MICHAEL J. SCHNITSKI,　　　　)
　　　　　　　　　　　　　　)
　　　　　　　Plaintiff,　　　)
　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　)　　Case No. CIV-11-450-RAW
　　　　　　　　　　　　　　)
MICHAEL J. ASTRUE,　　　　　)
Commissioner of Social　　　)
Security Administration,　　)
　　　　　　　　　　　　　　)
　　　　　　　Defendant.　　　)

## REPORT AND RECOMMENDATION

Plaintiff Michael J. Schnitski (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* <u>Williams v. Bowen</u>, 844 F.2d 748, 750-51 (10th Cir. 1988).

substantial evidence; and, second, whether the correct legal standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on December 8, 1957 and was 51 years old at the time of the ALJ's latest decision. Claimant completed his high school education and obtained a Bachelor of Science degree. Claimant has worked in the past as a parts clerk in the military and as an assembler. Claimant alleges an inability to work

beginning November 8, 1993 which was later amended to June 10, 1994 due to limitations resulting from degenerative arthritis of the knees, hips, back, and both shoulders.

## Procedural History

On May 27, 1994, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. After an administrative hearing, the ALJ issued an unfavorable decision on February 18, 1997. The decision was reversed by the Appeals Council and remanded for further proceedings.

A second administrative hearing was held which resulted in a second unfavorable decision on December 21, 2001. The Appeals Council again reversed the decision and remanded the case for further proceedings.

A third administrative hearing was held and the ALJ issued a third unfavorable decision on June 30, 2006. This decision was affirmed by the Appeals Council. This Court, however, reversed the decision and remanded the case for further proceedings on October 7, 2008.

A fourth administrative hearing was conducted by ALJ Charles Headrick on April 15, 2009. On June 17, 2009, the ALJ issued a

fourth unfavorable decision.  The Appeals Council denied review of the ALJ's decision.  As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal.  20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation.  He determined that while Claimant suffered from severe impairments, he did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of medium work.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in:  (1)  failing to provide a complete hypothetical question to the vocational expert; and (2) failing to fully consider Claimant's disabled status with the Department of Veterans Affairs.

## Hypothetical Questioning of the Vocational Expert

Claimant contends the ALJ should have included limitations upon Claimant's ability to lifting and carrying in his questioning of the vocational expert because he had to use an assistive device to walk and stand.  In his decision, the ALJ found Claimant suffered from the severe impairments of fibromyalgia, mild degenerative joint disease of both knees, and mild degenerative disk disease.  (Tr. 862).  The ALJ specifically found that there

was no evidence on or prior to March 31, 1999 - the date of last insurance - that Claimant had an inability to ambulate effectively, nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis. (Tr. 863). Based upon his findings, the ALJ determined Claimant retained the RFC to perform medium work. Id.

During his questioning of the vocational expert, the ALJ stated as follows:

> Assume again a 37-year-old male with a college degree, the ability to read, write, and use numbers. Assume this individual again has (sic) physical capacity to perform work consistent with the limitations of Exhibit 6F (Residual Physical Functional Capacity Assessment of Dr. Luther Woodcock), that he has functional or mental limitations based upon the diagnosis of Exhibit 29F (Mental Evaluation of Dr. John W. Hickman), and the limitations of Exhibit 30F (Medical Source Statement of Ability to Do Work-Related Activities (Mental)) . . . would this person be able to return to his past work?

(Tr. 914)(parenthetical information added by this Court).

The vocational expert answered that Claimant could perform his past work as an assembler. Id. When asked to consider Claimant's testimony, the vocational expert stated Claimant could not return to his past work. (Tr. 915). The vocational expert identified representative jobs of hand packager, general laborer, laundry sorter, attacher or laminator, clerical mailer, and trimmer. (Tr. 913).

Claimant was prescribed Canadian crutches for "10% back strain" on October 19, 1994. (Tr. 191). The ALJ noted this fact

and that Claimant received a handicap parking permit in 1995. (Tr. 865). He rejected this as evidence of the need for an assistive device, stating "[a]s set out in detail above, there is no objective evidence in the record on or prior to March 31, 1999, that would necessitate the use of a cane for ambulation." Id.

Beyond treatment for the strain, the medical evidence does not support a permanent requirement for assistive devices. In January of 1994, Claimant's physician noted "[p]erhaps this man does have multiple joint aches and pains of his cervical spine, thoracic spine, and lumbosacral spine, but objective findings are very lacking." He also stated "[h]e may very well indeed have some degenerative joint disease of his shoulders, without objective findings. He may have some arthritis of his left and right hands, without objective findings." (Tr. 208). An EMG test in April of 1994 revealed "no significant abnormalities." (Tr. 199). Claimant was noted during the same period to have chronic low back pain but with "no objective finding or abnormalities." (Tr. 195). X-rays of his right and left hips were normal. (Tr. 200-01). EMG and nerve conduction studies performed in June of 1995 indicated normal results. (Tr. 154-57). In September of 1995, physicians at the Veterans Administration were "unable to document arthritis in this record." (Tr. 141). Doctors further found "some evidence of DJD [degenerative joint disease] but not correlating" [with] the degree of pain." (Tr. 140).

The ALJ also relied upon the consultative opinions of Dr. Woodcock and Dr. Fiegel. A Residual Physical Functional Capacity Assessment by Dr. Woodcock from September of 1995 indicated little limitation upon Claimant. (Tr. 46-51). Dr. Woodcock concluded there was "no evidence of nerve root compression. No evidence of need for aids." (Tr. 46).

A vocational expert's testimony can provide a proper basis for an ALJ's determination where the claimant's impairments are reflected adequately in the hypothetical inquiries to the expert. Gay v. Sullivan, 986 F.2d 1336, 1341 (10th Cir. 1993). The ALJ is required to accept and include in the hypothetical question only those limitations supported by the record. Shepherd v. Apfel, 184 F.3d 1196, 1203 (10th Cir. 1999). However, "'[T]estimony elicited by hypothetical questions that do not relate with precision all of a claimant's impairments cannot constitute substantial evidence to support the Secretary's decision.'" Hargis v. Sullivan, 945 F.2d 1482, 1492 (10th Cir. 1991) quoting Ekeland v. Bowen, 899 F.2d 719, 724 (8th Cir. 1990). Based upon the totality of the medical record, the ALJ's questioning of the vocational expert contained all of Claimant's medically determinable impairments and was not erroneous.

### Disability Rating of Veterans Administration

Claimant was determined by the Veterans Administration ("VA") to have a combined 100% disability rating. (Tr. 835). The ALJ

considered Claimant's disability rating but noted that definitions of disability are not the same in all government and private disability programs. He found that the objective evidence indicated "no more than mild radiographic abnormalities." The ALJ, therefore, gave "little weight" to the VA's rating. (Tr. 865).

"Although findings by other agencies are not binding on the Secretary, they are entitled to weight and must be considered." Baca v. Dept. of Health & Human Serv., 5 F.3d 476, 480 (10th Cir. 1993) quoting Fowler v. Califano, 596 F.2d 600, 603 (3rd Cir. 1979). An ALJ is required to discuss the "significance of the VA's disability evaluation" in his decision. Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005). The ALJ discussed the fact the VA's rating was not binding but also stated it was considered but then cited to the medical record before him as the basis for rejecting the VA's rating. No error may be attributed to the manner in which the ALJ addressed the VA's rating.

### Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED**. The parties are herewith given fourteen (14) days from the date of the service of these Report and

Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this _14th_ day of March, 2013.

KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE